**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EMOJI COMPANY GmbH,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A HERETO,
      Defendants.

Case No. 22-cv-6544

Judge Elaine E. Bucklo

**FINAL JUDGMENT ORDER**

This action having been commenced by EMOJI COMPANY GmbH against the defendants identified in the attached Amended Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified in the Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of EMOJI trademarks which are protected by U.S. Trademark Registration Nos. 4,868,832, 5,202,078 and 5,415,510 (collectively referred to as the "EMOJI Trademarks").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1.  Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a.     using the EMOJI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine EMOJI Product or is not authorized by Plaintiff to be sold in connection with the EMOJI Trademarks;

b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine EMOJI Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the EMOJI Trademarks;

c.     committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.     further infringing the EMOJI Trademarks and damaging Plaintiff's goodwill;

e.     shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the EMOJI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

f.     using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

g. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the EMOJI Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine EMOJI Product or is not authorized by Plaintiff to be sold in connection with the EMOJI Trademarks.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, Amazon.com, Inc. ("Amazon"), eBay.com ("eBay"), PayPal.com ("PayPal"), ContextLogic, Inc. ("Wish"), Joom, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within five (5) business days of receipt of this Order, shall cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Amazon, eBay, PayPal, Wish, Joom, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within five (5) business days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the EMOJI Trademarks, including any accounts associated with the Defaulting Defendants listed in the Amended Schedule A attached hereto;

b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the EMOJI Trademarks; and

4

c.      take all steps necessary to prevent links to the Defendant Domain Names identified in the Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4.      Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages from each of the Defaulting Defendants in the amount of one-hundred thousand dollars ($100,000) for willful use of counterfeit EMOJI Trademarks on products sold through at least the Defendant Internet Stores.

5.      Wish shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6.      All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Wish, are hereby released to Plaintiff as partial payment of the above-identified damages, and Wish are ordered to release to Plaintiff the amounts from Defaulting Defendants' Wish accounts within ten (10) business days of receipt of this Order.

7.      Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Wish in the event that any new Wish accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, Wish shall within five (5) business days:

     a.      Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Wish accounts;

     b.      Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

     c.      Release all monies restrained in Defaulting Defendants' Wish accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

8.     Amazon shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

9.     All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon are hereby released to Plaintiff as partial payment of the above-identified damages, and Amazon are ordered to release to Plaintiff the amounts from Defaulting Defendants' Amazon accounts within ten (10) business days of receipt of this Order.

10.    Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon in the event that any new Amazon accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, Amazon shall within five (5) business days:

a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon accounts;

b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

c   Release all monies restrained in Defaulting Defendants' Amazon accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

11.   eBay shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

12.   All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by eBay are hereby released to Plaintiff as partial payment of the above-identified damages, and eBay are ordered to release to Plaintiff the amounts from Defaulting Defendants' eBay accounts within ten (10) business days of receipt of this Order.

13.   Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on eBay in the event that any new eBay accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, eBay shall within five (5) business days:

      a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any eBay accounts;

      b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

      c   Release all monies restrained in Defaulting Defendants' eBay accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

14.    PayPal shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

15.    All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by PayPal are hereby released to Plaintiff as partial payment of the above-identified damages, and PayPal are ordered to release to Plaintiff the amounts from Defaulting Defendants' PayPal accounts within ten (10) business days of receipt of this Order.

16.    Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on PayPal in the event that any new PayPal accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, PayPal shall within five (5) business days:

a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any PayPal accounts;

b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

c   Release all monies restrained in Defaulting Defendants' PayPal accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

17.   Joom shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

18.   All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Joom are hereby released to Plaintiff as partial payment of the above-identified damages, and Joom are ordered to release to Plaintiff the amounts from Defaulting Defendants' Joom accounts within ten (10) business days of receipt of this Order.

19.   Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Joom in the event that any new Joom accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, Joom shall within five (5) business days:

a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Joom accounts;

b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

c   Release all monies restrained in Defaulting Defendants' Joom accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

20.   Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

a.   Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

b.   Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

c.   Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

21.   In the event that Plaintiff identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email

10

addresses identified in Exhibit 2 to the Declaration of Jose Santiago and any e-mail

addresses provided for Defaulting Defendants by third parties.

22.     The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to

counsel of record for Plaintiff, Michael A. Hierl of Hughes Socol Piers Resnick & Dym,

Ltd. at Three First National Plaza, 70 W. Madison Street, Suite 4000, Chicago, IL 60602.

This is a Final Judgment.


Dated: April 26, 2023

_____

The Honorable Elaine E. Bucklo
United States District Judge


11

**AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
|---|---|
| 1 | Lukita |
| 2 | moliy2015 |
| 3 | aileding |
| 4 | hengmeishangmao-us |
| 5 | JiShengDianZi |
| 6 | lishengjiee |
| 7 | LiuJinSuiYue |
| 8 | LuShangDianZi |
| 9 | SHAMOHUYANG |
| 10 | TianChuangSu |
| 11 | zhengzhougangsuwangluokejiyouxiangongsi |
| 12 | zskjyxgs |
| 13 | asankmaduwanth16 |
| 14 | diliss_cart |
| 15 | dmhr_stores |
| 18 | heratha007 |
| 19 | hewana50 |
| 21 | lorilaw_fashionstation |
| 22 | madoverdecor |
| 23 | palakshjewelry |
| 24 | rollaysh |
| 25 | shyamamalwatta |
| 26 | wksd22 |
| 29 | aoruite |
| 30 | baohoang15 |
| 31 | BLACKCUP |
| 32 | BMGHDer |
| 33 | CVNBVgjdtyrd |
| 34 | Dabian-L |
| 35 | Elruiyr |
| 36 | frhnnm |
| 37 | gedbb |
| 38 | hatbanner |
| 39 | jhjgxfrdytasrtdxf |
| 40 | LiangwuliaoAoO |
| 41 | linxiaomei55 |
| 42 | liyiair |
| 43 | meoo |
| 44 | mvgeji |
| 45 | Nadine Lute |
| 46 | shanghaigaishilandeshiyefazhanyouxiangongsi |
| 47 | SONGJIAJIAY |

| 48 | tantanbing |
| 49 | Tobeno1shop |
| 50 | TYRYSU7FTg |
| 51 | VuPiom |
| 52 | wangmingyong24127 |
| 53 | wangwang666 |
| 54 | wxqstoremart |
| 55 | xrjnd |
| 56 | yiduo |
| 57 | YouzhanzhaonaonN |
| 58 | yutainza |
| 64 | AnHuiRuiSuTongXinGongChengYouXianGongSi |
| 65 | arife store |
| 70 | Belle vie |
| 71 | Bestgift |
| 73 | CanifaStore |
| 74 | CAOiSP |
| 75 | Casyva |
| 76 | chalaoguai |
| 77 | chengduyirongbukejiyouxiangongsi |
| 78 | chenpengchongwujituoshouyangfuwuzhongxin |
| 79 | Confati |
| 80 | Crazylemon |
| 81 | DAPUNA |
| 83 | DINATA |
| 84 | dongguanshishangzuonongchanpinlipinyouxiangongsi |
| 85 | DUAN HC |
| 88 | fengqiayishangmaoyouxiangongsi |
| 89 | Fkatuzi |
| 91 | GAOQING-1 |
| 92 | Garasani |
| 93 | gianYiaeng |
| 97 | GLOWIE |
| 100 | gujianhaimaoyiyouxianzerengongsi |
| 101 | HAGIANGHN |
| 102 | haikouhaofenwenjudian |
| 104 | haikoulonghuajiejinbaihuod |
| 106 | Hefei benzhui Trading Co., Ltd |
| 109 | HIZINIUI48 Store |
| 110 | HJFDNHJNDF |
| 111 | HOGUVATIS 01 |
| 113 | HRG Direct |
| 114 | huanheshangmaoyouxiangongsi |
| 115 | HUY QN |
| 116 | hwhchangshakejidianwenggs |

13

| 117 | ILUO |
|-----|------|
| 118 | IUST A BEAR-US |
| 119 | Iwanos Department Store |
| 120 | JACKY&SHOP |
| 121 | JACKY-ONE |
| 122 | JACKY-TWO |
| 124 | JHKYTG |
| 125 | jingjiong |
| 126 | Jiyudong |
| 128 | kaewwan shop |
| 132 | lexuemingsi |
| 134 | liuzhelinkejiyouxiangongsi |
| 135 | L'Oomph |
| 136 | MagazynDeni |
| 138 | Mimi US MUG SHOP |
| 139 | MinhAnhStorei |
| 140 | Minhdzhy |
| 141 | Minxian Chan Chan Department Store |
| 144 | ongjunyy |
| 146 | PLUSECRET |
| 147 | putianchaozi |
| 148 | Qahegiur store |
| 149 | qimaohe |
| 150 | QUYHOZO STORE |
| 151 | RANTAN |
| 152 | Rbgfv |
| 153 | Reunoh |
| 156 | SERVICEWIN |
| 158 | shan110 |
| 160 | SssUuu |
| 161 | Starmorning |
| 162 | Strorligh215 Store |
| 167 | T0 shop |
| 168 | TIANRUIPT |
| 173 | ViLJe |
| 174 | Violet EC |
| 175 | wanlingdamai |
| 177 | WSHDMC |
| 178 | xiangchengshijiukongshangmaoyouxiangongsi |
| 179 | XianYouXianHuiRongDianZiShangWuYouXianGongSi |
| 181 | XINYIJINGPINDIANAAA |
| 185 | XuDaoHan |
| 186 | xym7788 |
| 187 | Yan Grocery Shop |
| 188 | Yangqingdianzishangwu |

| | |
|---|---|
| 192 | yilai-shop |
| 197 | yunchengshiyunchengjingjijishukaifaqumaijienong |
| 199 | Zheng Fangzhi |
| 200 | Zhengzhoujingjijishukaifaqumingouriyongpindian |
| 201 | zhengzhoushiguanchenghuizuqufeiliuriyongpindian |
| 202 | zhengzhoushiguanchenghuizuqukunpengbaihuodian |
| 203 | zhengzhoushijinshuiqufenmingriyongbaihuoshanghang |
| 204 | zhengzhoushijinshuiqukunnabaihuodian |
| 207 | ZWXBH |
| 209 | 旭东商贸 |
| 210 | 木之宁 |
| 211 | 03 |
| 212 | chen123 |
| 213 | Eleoption |
| 214 | Hello home |
| 215 | Istanbul Fashion |
| 216 | JINQI-Home |
| 217 | Men Fashion Printing Suit |
| 218 | Miru Kitchen & Home Devices |
| 219 | Selite Collection |
| 221 | WWB HOME |