IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMOJI COMPANY GmbH,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,
    Defendant.

Case No. 22-cv-6544

Judge Elaine E. Bucklo

**FINAL JUDGMENT ORDER**

This action having been commenced by EMOJI COMPANY GmbH against the defendant identified in the attached Amended Schedule A and using the Defendant Domain Name and Online Marketplace Account (collectively, the "Defendant Internet Store"), and Plaintiff having moved for entry of Default and Default Judgment against Defendant No. 69 "BEAUTY BRATS" (the "Defaulting Defendant");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendant which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendant received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present their objections; and

The Defaulting Defendant having failed to answer the Complaint or appear, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendant since Defaulting Defendant directly targets their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of EMOJI trademarks which are protected by U.S. Trademark Registration Nos. 4,868,832, 5,202,078 and 5,415,510 (collectively referred to as the "EMOJI Trademarks").

THIS COURT FURTHER FINDS that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendant is deemed in default and that this Final Judgment is entered against Defaulting Defendant.

IT IS FURTHER ORDERED that:

1. Defaulting Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the EMOJI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a

        genuine EMOJI Product or is not authorized by Plaintiff to be sold in connection with the EMOJI Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine EMOJI Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the EMOJI Trademarks;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the EMOJI Trademarks and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the EMOJI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell Counterfeit/Infringing Products; and

g. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any

       product bearing the EMOJI Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine EMOJI Product or is not authorized by Plaintiff to be sold in connection with the EMOJI Trademarks.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, Amazon.com, Inc. ("Amazon"), eBay.com ("eBay"), PayPal.com ("PayPal"), ContextLogic, Inc. ("Wish"), Joom, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within five (5) business days of receipt of this Order, shall cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendant and with actual notice of this Order, including any online marketplaces such as iOffer and Amazon, eBay, PayPal, Wish, Joom, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within five (5) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defaulting Defendant engages in the sale of counterfeit and infringing goods using the EMOJI Trademarks, including any accounts associated with the Defaulting Defendant;

   b. disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the EMOJI Trademarks; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified in the Amended Schedule A from displaying in search results,

        including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages the Defaulting Defendant in the amount of one-hundred thousand dollars ($100,000) for willful use of counterfeit EMOJI Trademarks on products sold through at least the Defendant Internet Stores.

5. Amazon shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant, Defaulting Defendant's Online Marketplace Accounts or Defaulting Defendant's websites identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendant's assets.

6. All monies currently restrained in Defaulting Defendant's financial accounts, including monies held by Amazon are hereby released to Plaintiff as partial payment of the above-identified damages, and Amazon are ordered to release to Plaintiff the amounts from Defaulting Defendant's Amazon accounts within ten (10) business days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon in the event that any new Amazon accounts controlled or operated by Defaulting Defendant are identified. Upon receipt of this Order, Amazon shall within five (5) business days:

    a    Locate all accounts and funds connected to Defaulting Defendant, Defaulting Defendant's Online Marketplace Accounts or Defaulting Defendant's websites, including, but not limited to, any Amazon accounts;

    b    Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendant's assets; and

    c    Release all monies restrained in Defaulting Defendant's Amazon accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by the Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendant are identified. Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

    a.    Locate all accounts connected to Defaulting Defendant, Defaulting Defendant's Online Marketplace Accounts or Defaulting Defendant's websites;

    b.    Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendant's assets; and

    c.    Release all monies restrained in Defaulting Defendant's financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. In the event that Plaintiff identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendant by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Jose Santiago and any e-mail addresses provided for Defaulting Defendant by third parties.

10. The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released via certified mail to counsel of record for Plaintiff, Michael A. Hierl of Hughes Socol Piers Resnick & Dym, Ltd. at Three First National Plaza, 70 W. Madison Street, Suite 4000, Chicago, IL 60602. This is a Final Judgment.

Dated: November 27, 2023

_____
The Honorable Elaine E. Bucklo
United States District Judge

**AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
|-----|------------------------|
| 69  | BEAUTY BRATS           |